**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Elian Madruga Espinosa,

Petitioner

v.

Todd Blanche, et al,

Respondents

Case No.: 2:26-cv-01634-JAD-NJK

**Order Granting Habeas Petition and Directing Respondents to Release Petitioner**

[ECF No. 7]

Petitioner Elian Madruga Espinosa is a Cuban citizen who entered the United States in 2022. He sought asylum but his application was dismissed in 2025. He was arrested for misdemeanor retail theft in March 2026, and Immigration and Customs Enforcement (ICE) then detained him and initiated removal proceedings against him. He has been at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada, ever since. Madruga Espinosa has not had a bond hearing, and the government contends that he is detained under 8 U.S.C. § 1226(c), which requires mandatory detention without bond. At a hearing before an immigration judge (IJ), the IJ told him that he was ineligible for a bond hearing because he is detained under § 1226(c) as amended by the Laken Riley Act (LRA).

Madruga Espinosa seeks a writ of habeas corpus, alleging that his prolonged detention without a bond hearing violates his due-process rights under the Fifth Amendment of the United States Constitution. Because the charges against him were dismissed, I find that the LRA is inapplicable to Madruga Espinosa and he is entitled to release because he’s been detained for eight months without due process. So I grant the petition and order his release.

## Discussion

**A. This court has jurisdiction over Madruga Espinosa's claims.**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[1] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[2]

**B. The government's exhaustion argument is unavailing.**

The government argues that Madruga Espinosa's petition should be dismissed because he didn't seek Board of Immigration Appeals (BIA) review of the IJ's order denying him bond.[3] It cites to the Ninth Circuit's opinion in *Leonardo v. Crawford*[4] to contend that a petitioner "*must* seek review from the BIA on bond determinations prior to filing a habeas petition."[5] In *Leonardo*, the petitioner sought habeas review before he appealed the IJ's adverse bond determination to the BIA.[6] The panel held that the petitioner's "short cut was improper" and concluded that, if "a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."[7]

---

[1] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[2] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[3] ECF No. 10 at 5–6.

[4] *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011).

[5] ECF No. 10 at 6.

[6] *Leonardo*, 646 F.3d at 1160.

[7] *Id.*

The government's exhaustion argument cannot be squared with its primary contention that Madruga Espinosa is not entitled to any bond hearing because he is detained under § 1226(c). The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[8] "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[9]

I find that exhaustion of remedies would be futile here. The government contends that § 1226(c) does not entitle Madruga Espinosa to a hearing at all, and the IJ denied bond on the basis that Madruga Espinosa was detained under § 1226(c) as amended by the LRA.[10] Because appealing the outcome of this "bond" hearing would be futile under the government's asserted detention authority, I waive the prudential exhaustion requirement.

**C. Madruga Espinosa is not subject to mandatory detention under the LRA.**

8 U.S.C. § 1226(c) requires mandatory detention for noncitizens who have committed specific crimes.[11] In early 2025, the President signed into law the LRA, which expands the list of crimes under § 1226(c) and requires detention of an inadmissible noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts [that] constitute the essential elements of" crimes including shoplifting, burglary, larceny, and theft.[12]

---

[8] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

[9] *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

[10] ECF No. 7 at 4.

[11] 8 U.S.C. § 1226(c).

[12] *Id.* at § 1226(c)(1)(E)(ii).

Madruga Espinosa argues that the LRA is unconstitutional as applied to him because the charges against him were dismissed.[13] The government responds that "it is pure speculation to assume that the conviction never occurred because of lack of probable cause" and that "the far more likely scenario is that it was never adjudicated and resulted in a conviction because [Madruga Espinosa] was turned over to ICE on a detainer immediately after the charge was brought against [him]."[14]

Another judge in this district analyzed the text of the LRA in *Flores Martines v. Mattos* and held that "the plain, natural reading" of the LRA's text is that "a person must be detained if [his] criminal charges are pending."[15] The court further explained that to read the text of the LRA (which uses present-tense "is" rather than past-tense "was" when listing crimes that someone can be arrested for, charged with, or convicted of that put them under the purview of § 1226(c)) to include someone who was arrested but never charged with a crime would be to "render it superfluous on its own terms," thus violating a basic canon of statutory interpretation.[16] Other courts in this district and across the country have similarly construed the LRA "to apply only [in situations in which] an individual is *currently* charged with or arrested for the enumerated crimes."[17]

---

[13] ECF No. 7 at 10.

[14] ECF No. 10 at 5.

[15] *Flores Martines v. Mattos*, 2026 WL 1362529, at *5 (D. Nev. May 15, 2026).

[16] *Id.*

[17] *Singh v. Chestnut*, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026); *see also Helbrum v. Williams Olson*, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025); *E.C. v. Noem*, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025); *Makhlouf v. Warden, California City Corr. Ctr*, 2026 WL 1431056, at *2 (E.D. Cal. May 21, 2026); *Mendoza v. Mullin*, 2026 WL 1507832 (S.D. Cal. May 29, 2026); *Gopal B. v. Albarran*, 2026 WL 504736, at *3 (E.D. Cal. Feb. 24, 2026).

I am persuaded by those cases and adopt their reasoning here. The same logic applies to Madruga Espinosa's situation: even though he was charged with misdemeanor theft, the charges against him were dismissed, so he is not currently charged with any crime. The government's theory is speculative and flies in the face of the core principle of the American legal system that someone is innocent until proven guilty. So the IJ erred in finding that Madruga Espinosa is detained under the LRA because it does not apply to him.

### D. The government violated Madruga Espinosa's due-process rights by determining that he was categorically ineligible for bond during his custody-redetermination hearing.

"The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."[18] But the amount of process due to noncitizens "must account for the government's countervailing interests in immigration enforcement—considerations that do not apply to U.S. citizens."[19] The Ninth Circuit applies the three-factor test outlined in the Supreme Court case of *Mathews v. Eldridge*[20] to determine whether a noncitizen's procedural due-process rights have been violated in immigration-detention situations like this one.[21] Under *Mathews*, courts must consider "*first*, the private interest that will be affected by the official action; *second*, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and *finally*, the

---

[18] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205 (9th Cir. 2022) (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)).

[19] *Id.* at 1206.

[20] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

[21] *Rodriguez Diaz*, 53 F.4th at 1207 (assuming without deciding that *Mathews* applies to a noncitizen's challenge to detention under § 1226(a)).

government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[22]

***1. The deprivation of Madruga Espinosa's liberty interest weighs in favor of relief.***

"An individual's private interest in freedom from prolonged detention is unquestionably substantial."[23] Madruga Espinosa has been detained for approximately eight months.[24] Under Ninth Circuit precedent, that is considered "prolonged."[25] But when evaluating Madruga Espinosa's interests under the first prong, the court "cannot simply count his months of detention and leave it at that."[26] It must also consider "the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order."[27]

These additional considerations weigh in favor of relief. Madruga Espinosa requested bond but was told by the IJ that he was categorically ineligible for it because he was detained under the LRA.[28] He was not given the opportunity to contest his detention with evidence of his ties to the community or his lack of dangerousness. Because Madruga Espinosa has been detained for more than eight months without a procedurally adequate bond hearing, I find that the first factor weighs in favor of relief.

---

[22] *Mathews*, 424 U.S. at 335 (cleaned up).

[23] *Rodriguez Diaz*, 53 F.4th at 1207 (cleaned up).

[24] ECF No. 7 at 2.

[25] *Rodriguez Diaz*, 53 F.4th at 1207 (citing *Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir. 2011) (considering six months of continuing detention "prolonged")).

[26] *Id.* at 1208.

[27] *Id.*

[28] ECF No. 7 at 4 (citing Ex. 6).

***2. Madruga Espinosa has not received the process he is due.***

The second *Mathews* factor considers whether the IJ deprived the petitioner of his interests through deficient process and whether additional process would restore his liberty interest.[29] There is a substantial risk of erroneous deprivation of Madruga Espinosa's interests due to the government's reliance on § 1226(c)'s mandatory-detention scheme. He has been detained for eight months without a fair opportunity to seek bond. I thus find that Madruga Espinosa faces a severe risk of erroneous deprivation of his liberty interest absent these procedures, so the second *Mathews* factor also weighs in favor of habeas relief.

***3. The government's interests do not weigh against relief.***

It is undisputed that the government has a strong interest in enforcing immigration law, protecting the public from "dangerous criminal" noncitizens, and securing the removal of noncitizens who are subject to final orders of removal.[30] But I cannot conclude that the government's interests outweigh Madruga Espinosa's interests in this case. The parties' interests are not mutually exclusive: the government's interest in enforcing immigration law and protecting the public from dangerous noncitizens can still be served while also providing due-process protections to the noncitizens in its custody. Indeed, the IJ can assess the noncitizen's dangerousness or lack thereof in a constitutionally adequate bond hearing. So, I hold that the government violated Madruga Espinosa's due-process rights when it deprived him of a meaningful bond hearing for eight months.

---

[29] *Mathews*, 424 U.S. at 335.

[30] *Rodriguez Diaz*, 53 F.4th at 1208.

**E. Because the government violated Madruga Espinosa's due-process rights by denying him a bond hearing and he has been detained for more than eight months without being able to present evidence in his favor, the court orders his immediate release.**

Courts have "a fair amount of flexibility" in deciding habeas relief.[31] After concluding that a bond hearing violated petitioner's due-process rights, courts have either ordered a constitutionally adequate hearing or release.[32] Because Madruga Espinosa's bond hearing failed to afford his Fifth Amendment due-process rights, he has not been given an opportunity to appear at a hearing and present evidence in support of his release, and he has been detained for more than eight months with no likelihood of release anytime soon, I find that the appropriate remedy is his immediate release from custody.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Elian Madruga Espinosa's amended petition for a writ of habeas corpus **[ECF No. 7] is GRANTED**. **Madruga Espinosa must be released from detention within three days, subject to reasonable conditions of supervision to be imposed by Immigration and Customs Enforcement under 8 U.S.C. § 1226(a)(2).**[33] Imposition of those conditions must not impede Madruga Espinosa's timely release.

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

---

[31] *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

[32] *See, e.g.*, *Ramirez-Anaya v. Mattos*, 2026 WL 1362540, at *6 (D. Nev. May 15, 2026); *Zhamagortsyan v. Warden, Adelanto ICE Processing Ctr., et al.*, 2026 WL 2876062, at *8 (C.D. Cal. Sept. 24, 2026); *Gonzalez Reyes v. Rios*, 2026 WL 2190830, at *7 (C.D. Cal. July 28, 2026); *Hernandez v. Scott*, 2026 WL 2814250, at *3 (W.D. Wash. Sept. 20, 2026).

[33] Because § 1226(c) as amended by the LRA is inapplicable to Madruga Espinosa, he is detained under § 1226(a).

(1) notice of the date, time, and location of Madruga Espinosa's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Madruga Espinosa's release was effectuated.

IT IS FURTHER ORDERED that the federal respondents are enjoined from re-detaining Elian Madruga Espinosa absent clear-and-convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that he is a flight risk or danger to the community such that his physical custody is legally justified.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

**The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 9, 2026